IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT HILLIS | ) | CASE NO. |
| 1456 North County Road 232 | ) | |
| Fremont, Ohio 43420 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| GANNETT PUBLISHING SERVICES, LLC | ) | |
| c/o CT Corporation System | ) | **JURY DEMAND ENDORSED** |
| 4400 Easton Commons Way, Suite 125 | ) | **HEREIN** |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Robert Hillis, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## PARTIES

1. Hillis is a resident of the city of Fremont, county of Sandusky, state of Ohio.

2. Gannett Publishing Services, LLC ("Gannett") is a foreign limited liability company which operates a business located at 1800 E State Street, Suite B, Fremont, Ohio 43420.

## JURISDICTION & VENUE

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Hillis is alleging a Federal Law Claim under the Age Discrimination in Employment Act ("ADEA").

4. All material events alleged in this Complaint occurred in county of Sandusky.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6. Within 300 days of the conduct alleged below, Hillis filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 22A-2017-01188.

7. On or about February 1, 2019, the EEOC issued and mailed a Notice of Right to Sue letter to Hillis regarding the Charges of Discrimination brought by Hillis.

8. Hillis received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) – which has been attached hereto as Plaintiff's Exhibit A.

9. Hillis has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

10. Hillis has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

### FACTS

11. Hillis is a former employee of Gannett.

12. Gannett hired Hillis in or about May 2015.

13. Gannett employed Hillis as a distribution manager.

14. Hillis had little to no meaningful history of discipline during his tenure with Gannett.

15. In or about November 2017, an EEOC charge was filed by a former delivery driver, Mary Rose, against Gannett.

16. Rose alleged in her EEOC charge that Gannett discriminated against her on the basis of a disability.

17. In or about January 2018, Rose and Gannett participated in mediation.

18. On or about April 2, 2018, Gannett requested that Hillis provide an affidavit in support of Gannett's position with regard to Rose's termination.

19. Hillis willingly provided an affidavit in support of Gannett's position.

20. On or about April 3, 2018, Gannett terminated and/or laid off Hillis.

21. Hillis was 65 years old at the date of his termination and/or layoff.

22. Hillis is a member of a protected class as he is over the age of 40, pursuant to 29 U.S.C. § 621 *et seq*.

23. At the time of Hillis's termination and/or layoff, he was not provided a list of individuals being laid off.

24. At the time of Hillis's termination and/or layoff, he was not provided a list of the ages of the individuals who were being laid off.

25. Failing to provide Hillis a list of individuals being laid off along with the ages of the individuals being laid off is a violation of federal laws concerning age discrimination.

26. Hillis was the only employee in his department who was "laid off."

27. Defendants terminated Hillis under the guise of a "layoff" due to his age.

28. Defendants terminated Hillis under the guise of a "layoff" in retaliation for his participation in an EEOC investigation.

29. Hillis was fully qualified for his position.

30. Upon information and belief, Defendants gave Hillis's job duties to two other employees who were already employed by Defendants.

31. Upon information and belief, Defendants replaced Hillis with individual(s) substantially younger than Hillis.

### COUNT I: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 621 *et seq.*

32. Hillis restates each and every prior paragraph of this complaint, as if it were fully restated herein.

33. Hillis was 65 years old at the time of his termination.

34. At all times relevant, Hillis was a member of a statutorily-protected class under 29 U.S.C. § 621 *et seq*.

3

35. Defendants treated Hillis differently from other similarly situated employees based on his age.

36. Hillis was fully qualified for his position and employment with the Defendants.

37. When Defendants terminated Hillis under the guise of a "layoff," Defendants did not provide Hillis with a list of individuals who were also being laid off, along with a list of those individuals' ages.

38. Defendants violated 29 U.S.C. § 621 *et seq*. when Defendants did not provide Hillis with a list of individuals who were also being laid off, along with a list of those individuals' ages.

39. After terminating Hillis, the Defendants replaced Hillis with individuals who were significantly younger and/or not belonging to the protected class under 29 U.S.C. § 621 *et seq*.

40. The Defendants violated 29 U.S.C. § 621 *et seq*. by discriminating against Hillis based on his age.

41. Hillis suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to 29 U.S.C. § 621 *et seq*.

42. As a direct and proximate result of the Defendants' conduct, Hillis suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: RETALIATION IN VIOLATION OF 29 U.S.C. § 623(d)

43. Hillis restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

44. Throughout his employment, Hillis was fully competent to perform his essential job duties.

45. Gannett violated 29 U.S.C. § 623(d) by retaliating against Hillis for participating in an investigation, proceeding, or hearing regarding alleged disability discrimination.

46. Gannett terminated Hillis without just cause.

47. Gannett terminated Hillis under the guise of a permanent "layoff."

48. As a direct and proximate result of Defendants' conduct, Hillis has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Hillis demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Hillis to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Hillis for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Hillis's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/     Trisha M. Breedlove*
Fred M. Bean (0086756)
Trisha M. Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  trisha.breedlove@spitzlawfirm.com

*Attorneys For Plaintiff Robert Hillis*

## **JURY DEMAND**

Plaintiff Robert Hillis demands a trial by jury by the maximum number of jurors permitted.


                                */s/     Trisha M. Breedlove*
                                  Fred M. Bean (0086756)
                                  Trisha M. Breedlove (0095852)
                                  **THE SPITZ LAW FIRM, LLC**